IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GREEAR TREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DOCKET NO. 04-2163-BP |
| | ) | |
| AMERICAN INSTITUTE OF | ) | JURY DEMANDED |
| INTRADERMAL COSMETICS, INC., and | ) | |
| CLARIANT CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. 26(c), it is hereby ordered that the above-captioned action between Greear Trew, American Institute of Intradermal Cosmetics, Inc., and Clariant Corporation shall be governed by the following Protective Order:

1. This Protective Order will remain in full force and effect unless modified by an order of this court or by the written stipulation of the parties hereto filed with the Court. Without limiting the generality of the foregoing, this Protective Order will survive and remain in full force and effect after the termination of this litigation.

2. Nothing in this Protective Order limits or precludes a party to the Protective Order from applying to the Court for relief from this Protective Order, or for such further or additional confidentiality orders as the Court may deem appropriate.

3. If any party to this litigation, in discovery, produces or discloses any item of discovery, including, without limitation, any document, thing, interrogatory answer, deposition testimony or admission, that party may designate the same as "CONFIDENTIAL" upon making

M MBM 765959 v1
2790525-000001 04/14/2005

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-18-05

80

a determination that such item of discovery contains confidential information and the party making disclosure believes, in good faith that the disclosure of such item of information without restriction would be detrimental to that party in the conduct of its business.

4. No information will be regarded as confidential, however, if it:

(a) is in the public domain at the time of disclosure (evidenced by a written document)

(b) becomes part of the public domain through no fault of the receiving party (evidenced by a written document);

(c) was in the possession of the receiving party at the time of disclosure (evidenced by a written document); or

(d) is at any time lawfully disclosed to the receiving party by a third party having the right to make such disclosure under no obligation of secrecy.

5. Information designated as "CONFIDENTIAL" will be restricted to the following persons on behalf of a receiving party, upon compliance with the provisions of this paragraph in each applicable instance:

(a) The Court and its officers.

(b) Outside counsel and in-house counsel to the parties to this Protective Order involved in the representation of the recipient for purposes of this litigation.

(c) Legal associates, paralegal assistants, clerical staff and secretaries employed by counsel.

(d) The parties and their employees.

(e) Non-party deponents, witnesses or potential witnesses whose depositions have been noticed or who have been included on a witness list provided to the opposing party, who have signed a document in the form of Exhibit A hereto.

(f) Experts or consultants employed by counsel of record for the parties to this Protective Order in relation to this litigation who have signed a document in the form of Exhibit A attached hereto.

2

(g)   Notwithstanding anything to the contrary herein, information designated as "CONFIDENTIAL" may be disclosed to a person indicated as the author, direct recipient, or copy recipient of the confidential information.

6.   If any party to this Protective Order wishes to provide access to or disseminate information designated "CONFIDENTIAL" to any person not entitled to access under Paragraph 5 above, the parties to the Protective Order will attempt to resolve the matter by agreement. If the parties to this Protective Order cannot reach an agreement, the party seeking to make such disclosure may move the Court for an order that such people be given access to such information, and the producing party may oppose the motion. If the motion is granted, such person may have access to the information designated "CONFIDENTIAL," but only after first signing a declaration in the form of Exhibit A attached hereto, a copy of which will be forwarded upon request to counsel for the producing party. During the pendency of the motion, or if the motion is denied, the party seeking disclosure may not disclose information designated "CONFIDENTIAL" to such person.

7.   The designation of protected information that exists in tangible form will be effected by visibly marking it as "CONFIDENTIAL." If the producing party elects to produce original files and records for inspection and an inspecting party wishes to inspect these files and records, no markings need to be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files and records will be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by an inspecting party, the producing party will mark the copies of such documents as may contain confidential material as "CONFIDENTIAL" before producing the copies.

8.   If, during the course of a deposition, any questions are asked regarding confidential material, then only counsel of record for the parties to this Protective Order the

3

deponent, others who have agreed to be bound by this Order pursuant to Paragraph 5 hereof, and the reporter, will be allowed to be present during such portion of the deposition, and the corresponding portion of the deposition transcript will be designated by the reporter as "CONFIDENTIAL" pursuant to this Protective Order. This paragraph will not be deemed to authorize disclosure of any document or information to any person to whom disclosure is prohibited under this Protective order.

9. With respect to depositions of any party or any person employed by, formerly employed by, or acting on behalf of a party to this Protective Order, such party will have thirty (30) days after receipt of the deposition transcript within which to inform the other parties that portions of the transcript not previously designated "CONFIDENTIAL" are to be so designated. Until the period for such designation has expired, the parties will treat the entire transcript as "CONFIDENTIAL" subject to the provisions of this Protective Order. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL," each party to this Protective Order will cause each copy of the transcript in its custody or control to be so marked immediately.

10. The recipients of any item of information marked or designated as "CONFIDENTIAL" will not use such information or disclose such information to the public or to any third party for any purpose other than in connection with this litigation, and will not disclose such information to anyone other than persons entitled to access such information pursuant to Paragraph 5 above, unless and until the restrictions herein are modified to allow such disclosure either by agreement of the parties or by order of this Court.

11. Any documents or information designated as "CONFIDENTIAL" that are filed with the Court for any purpose will be filed in a sealed envelope marked on the outside with the

title of the action, an identification of each document or other item within, and a statement substantially in the following form:

"CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER"

"This envelope containing the above-identified papers filed by (name of party) is not to be opened nor the contents thereof displayed except by court order or by agreement of the parties to the Protective Order."

12.  Counsel for each party to this Protective Order shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any confidential information.

13.  Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Protective Order or the failure to object to a designation at a given time shall not preclude the designation of such information as "CONFIDENTIAL" at a later date or a challenge to the propriety thereof.

14.  Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as "CONFIDENTIAL" consents in writing or on the record to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

15.  The provisions of this Protective Order shall apply to any information designated "CONFIDENTIAL" by any party to this Protective Order before entry of this Protective Order.

16.  Upon final termination of this action, all protected information furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, shall be destroyed or, at the request of the producing party, returned to the producing party, provided however that outside counsel of record may retain, under the conditions of this Protective Order, one copy of materials prepared by or at the

5

direction of such counsel during litigation including, but not limited to briefs, correspondence, memoranda, and notes. Papers filed with the Court shall remain under seal unless the Court, for good cause shown, otherwise directs, subject to the files and practices of the Court.

17. If a party wishes to use any confidential information in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this litigation, such confidential information used therein shall be maintained under seal by the Court subject to the rules and practices of the court.

18. Nothing in the Protective Order shall prevent a party from using any document or information designated "CONFIDENTIAL" at trial, during a hearing, or the like. However, if such use is made of such document or information, the document, information or exhibit and the transcript of that portion of the proceeding wherein said use is made shall be maintained by the Clerk under seal with access thereto limited to persons entitled to access by this Protective Order, subject to the rules and practices of the Court.

19. If any non-party shall be called upon by subpoena or otherwise, to provide or produce documents or information considered confidential by such non-party, such non-party may elect to be bound by the terms of this Protective Order by notifying counsel for all parties in writing. Upon service of such notice, such non-party may designate documents and information as confidential in the manner set forth in this Protective Order, and such non-party's confidential documents and information shall be treated in the same manner as the confidential documents and information of a party to this Protective Order.

20. Nothing in this Order shall impose any obligation on the Court and the Court's staff.

M MBM 765959 v1
2790525-000001 04/14/05

IT IS SO ORDERED this 15 day of April, 2005.

_/s/_  
UNITED STATES DISTRICT JUDGE

Approved by:

_/s/ Marianne Bell Matthews_  
Jill M. Steinberg (BPR# 11603)  
Marianne Bell Matthews (BPR# 20631)  
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.  
165 Madison Avenue, Suite 2000  
Memphis, Tennessee 38103  
(901) 526-2000  
Attorneys for Defendant,  
American Institute of Intradermal Cosmetics, Inc.

_/s/ Jennifer Shorb Hagerman w/ perm. by Marianne Bell Matthews (#20631)_  
DeWitt M. Shy, Jr. (BPR# 5163)  
Jennifer Shorb Hagerman (BPR# 20281)  
Burch, Porter, & Johnson  
130 North Court Avenue  
Memphis, Tennessee 38103  
(901) 524-5000  
Attorneys for Defendant,  
Clariant Corporation

_/s/ Clinton H. Scott w/ perm. by Marianne Bell Matthews (#20631)_  
J. Brandon McWherter (BPR# 21600)  
Lewis L. Cobb (BPR# 005369)  
Clinton H. Scott (BPR #23008)  
312 E. Layfette Street  
P.O. Box 2004  
Jackson, TN 38302  
(731) 424-0461  
Attorneys for Plaintiff, Greear Trew

M MBM 765959 v1  
2790525-000001 04/14/05

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 80 in case 2:04-CV-02163 was distributed by fax, mail, or direct printing on April 18, 2005 to the parties listed.

---

Leo Maurice Bearman
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Lewis L. Cobb
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Jennifer Shorb Hagerman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

James Brandon McWherter
SPRAGINS BARNETT COBB & BUTLER
P.O. Box 2004
Jackson, TN 38302--200

Clinton H. Scott
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Jill M. Steinberg
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Marianne Bell Matthews
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

DeWitt M. Shy  
BURCH PORTER & JOHNSON  
130 N. Court Avenue  
Memphis, TN 38103

Honorable J. Breen  
US DISTRICT COURT