IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GREEAR TREW,

    Plaintiff,

v.                              No. 04-2163 B

AMERICAN INSTITUTE OF INTRADERMAL
COSMETICS, INC., et al.,

    Defendants.

## ORDER DENYING DEFENDANT CLARIANT CORPORATION'S MOTION TO DISMISS

Before the Court is the motion of the Defendant, Clariant Corporation ("Clariant"), to dismiss the second amended complaint of the Plaintiff, Greear Trew, pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. This lawsuit arises from alleged injuries on the part of the Plaintiff resulting from a permanent makeup tattooing process. Trew has alleged in her second amended complaint that Clariant, along with other Defendants, sold pigments and/or materials to Defendants Sandi Hammons and American Institute of Intradermal Cosmetics to be used in the preparation of the Premier True Color Concentrates applied to her lips, eyebrows and eyelids. The Plaintiff avers that an ingredient used in the production of the substance, Pigment Orange 36, was defective and was the cause of her injuries.

The basis for the instant motion is that the 39-page, 361 paragraph complaint does not comply with Rule 8. The Rule requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, subsection (e) of the Rule provides that "[e]ach averment of a pleading shall be simple,

concise, and direct." Fed. R. Civ. P. 8(e). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." Ciralsky v. Central Intelligence Agency, 355 F.3d 661, 669 (D.C. Cir. 2004). Policing compliance with the Rule falls within the discretion of the trial judge. Id.

The Defendant's objection to the complaint, it appears, is that it is just too long. However, Rule 8 mandates short and plain statements of *claims*, not *short complaints*. See Fed. R. Civ. P. 8(a)(2); see also Ciralsky, 355 F.3d at 670. Rule 8(e) also provides in subsection (2) that

> [a] party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. . . .
> A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. . . .

Fed. R. Civ. P. 8(e)(2). The Plaintiff's second amended complaint names six Defendants and sets forth claims for negligence, strict liability, breach of express warranty, breach of implied warranty of merchantability, negligent representation, breach of implied warranty of fitness for a particular purpose, negligent infliction of emotional distress, violation of the Tennessee Consumer Protection Act, and intentional infliction of emotional distress and outrageous conduct as to the various Defendants. The claims were arranged in separate counts with respect to each Defendant or group of Defendants.

A review of the case law concerning Rule 8 reveals that the Rule has been found violated where "each count is replete with factual allegations that could not possibly be material to that specific count"; "allegations that are material are buried beneath innumerable pages of rambling irrelevancies," Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); or where the complaint is unintelligible, Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). None of these

2

deficiencies have been alleged by the Defendant here. Nor does Clariant suggest that the complaint is unclear, that it failed to provide adequate notice of the Plaintiff's claims, or that it is frivolous on its face. See Ciralsky, 355 F.3d at 670-71 (no violation of Rule 8 where the complaint, though long, was not claimed to be unclear, lacking in notice, or frivolous on its face). The presence of extraneous matter, unless in extreme cases, which this is not, does not warrant dismissal. See Garst v. Lockheed-Martin Corp., 328 F.3d 374 (7th Cir. 2003), cert. denied, 540 U.S. 968, 124 S.Ct. 450, 157 L.Ed.2d 313 (2003) ("Surplusage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with case."); Davis, 269 F.3d at 820-21 ("when the complaint adequately performs the notice function prescribed for complaints by the civil rules, the presence of extraneous matter does not warrant dismissal"). "Indeed, because of its prolixity, [Trew's complaint] gives the [D]efendant much more information about the [P]laintiff's conception of [her] case than the civil rules require . . ." See Davis, 269 F.3d at 820. In short, the Court finds that, while the complaint is lengthy and perhaps not a model of concise pleading, it simply does not call out for an exercise of the Court's discretion. Thus, the motion is DENIED.

IT IS SO ORDERED this 3rd day of May, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 83 in case 2:04-CV-02163 was distributed by fax, mail, or direct printing on May 4, 2005 to the parties listed.

---

Clinton H. Scott
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Jennifer Shorb Hagerman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

DeWitt M. Shy
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Lewis L. Cobb
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

James Brandon McWherter
SPRAGINS BARNETT COBB & BUTLER
P.O. Box 2004
Jackson, TN 38302--200

Marianne Bell Matthews
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Leo Maurice Bearman
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Jill M. Steinberg
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT